IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
SHEVARIS DEJUAN HAWKINS,      *
                              *
        Petitioner,           *
v.                            *   CRIMINAL NO. 14-00021-CG-B
                              *   CIVIL ACTION NO. 16-00307-CG-B
UNITED STATES OF AMERICA,     *
                              *
        Respondent.           *
```

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Memorandum in Support (Docs. 31, 32), the Government's Response in Opposition (Doc. 34), and Petitioner's Response to the Court's Order to Show Cause. (Doc. 39). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the

---

[1] The Honorable United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed the Petitioner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d

undersigned hereby recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Shevaris Dejuan Hawkins. The undersigned also recommends that should Hawkins file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

### I.   PROCEDURAL BACKGROUND

Petitioner Shevaris Dejuan Hawkins was indicted on January 21, 2014, on one count of possession with intent to distribute cocaine in violation of 18 U.S.C. § 841(a)(1). (Doc. 1). Hawkins entered a plea of guilty on March 18, 2014, pursuant to a plea agreement. (Docs. 15, 17). On January 9, 2015, Hawkins was sentenced to 113 months imprisonment, to be followed by 4 years of supervised release with certain special conditions, and a special assessment of $100.00. (Doc. 29). Hawkins did not appeal his judgment.

He filed the instant Motion to Vacate under 28 U.S.C. § 2255 and Memorandum in Support on June 20, 2016,[3] alleging that

---

1545, 1553 (11th Cir. 1989).

[3] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d

the Court erred in enhancing his sentence under the "'residual clause' of the 'career Offender' enhancement," which was ruled unconstitutionally vague by Johnson v. United States, 135 S. Ct. 2551 (2015). (Docs. 31, 32). In response, the Government argued that Johnson was inapplicable to Hawkins' case, and, to the extent that Hawkins argued that Johnson applied to the advisory guidelines used in the instant case, that argument was without merit. (Doc. 34). On October 20, 2016, this Court issued an order directing Hawkins to show cause why Johnson should apply to his case. (Doc. 38). Hawkins argued, in his response to the Court's order, that the Supreme Court had not yet addressed whether the new rule articulated in Johnson should apply to the advisory guidelines and that the Court should await the ruling in Beckles v. United States, 2016 WL 1209080 (U.S. June 27, 2016)(granting certiorari in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015)), for that determination.

This motion is now ripe for review.

## II.  HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United

---

1299, 1301 (llth Cir. 2001). (See Doc. 31 at 5).

> States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 WL 3200694, *3, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. Aug. 6, 2008).

### III. DISCUSSION

Hawkins raises a single claim in his petition for relief – the Court erred in enhancing his sentence as a career offender pursuant to the ruling in Johnson v. United States, 135 S. Ct. 2251 (2015), that was made retroactive in Welch v. United States, 2016 WL 1551144 (2016). (Doc. 31). In his response to the Court's order to show cause (Doc. 38), he broadens his argument, stating that Johnson should apply retroactively to collateral cases challenging federal sentences enhanced under the residual clause of the United States Sentencing Guidelines ("U.S.S.G") § 4B1.2(a)(2), and that the Court should await the ruling in Beckles v. United States, 2016 WL 1209080 (U.S. June 27, 2016)

4

for guidance on that point. (Doc. 39). For the following reasons, the Court finds that both arguments are without merit.

### A. Johnson v. United States is not applicable to this matter.

In his Motion to Vacate and supporting Memorandum of Law, Petitioner claims that the Court erred in using the career offender enhancement, as the residual clause of the Armed Career Criminal Act ("ACCA") was ruled void for vagueness by the Supreme Court in Johnson. (Doc. 32). However, a review of the record reflects that Johnson is inapplicable to the instant case.

In Johnson, the Supreme Court held that the residual clause of the ACCA, set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[ ]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."[4] Id., 135 S. Ct. at 2557, 2558, 2563. The

---

[4] The Supreme Court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison

5

Johnson court held that the imposition of an enhanced sentence under the ACCA's residual clause with respect to an individual who pleaded guilty to 18 U.S.C. § 922(g), which prohibits a convicted felon from possessing a firearm, violated the Constitution's guarantee of due process. Id.

In the instant case, however, Hawkins was adjudged guilty of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine, and he was not sentenced under the ACCA,[5]

---

> term to a minimum of 15 years and a maximum of life. § 924(e)(1); Johnson v. United States, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). The Act defines "violent felony" as follows:
>
>> "any crime punishable by imprisonment for a term exceeding one year ... that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

Johnson, 135 S. Ct. 2551, 2555–56, 192 L. Ed. 2d 569 (2015).

[5] Hawkins' Presentence Report lists prior convictions for controlled substance offenses but no convictions for crimes of violence. (Doc. 25).

which he appears to acknowledge when stating that the relevant clause in the ACCA is "worded nearly identical to the 'residual Clause' of the career offender guidelines," which did impact his sentencing. (Docs. 17, 32, 39). In any event, because Hawkins was not sentenced under the ACCA, any claims based on Johnson must necessarily fail.

### B. Beckles v. United States offers no relief in this matter.

As noted, the Court ordered Hawkins to show cause why the Johnson decision is applicable to the instant case (Doc. 38), and in his response to the Court's order, Hawkins argued that the Johnson decision should apply because the sentencing guidelines contain very similar language to that in the ACCA, which was invalidated in Johnson. (Doc. 39). He further argued that the Court should await a ruling in Beckles v. United States, 2016 WL 1209080 (U.S. June 27, 2016)(granting certiorari in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015)), to determine whether the reasoning in Johnson applies to the "residual clause" in the sentencing guidelines, found in U.S.S.G. § 4B1.2(a)(2). (Doc. 39).

On March 6, 2017, the United States Supreme Court decided Beckles v. United States, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), holding that "the advisory Guidelines are not subject to

vagueness challenges under the Due Process Clause." Id., 137 S. Ct. at 890, 892 ("Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."). In so holding, the court rejected Hawkins' specific argument, based on Johnson, *supra*, that the residual clause in § 4B1.2(a)(2) of the advisory Guidelines is void for vagueness. Indeed, before the Supreme Court decided Beckles, the Eleventh Circuit likewise held that Johnson did not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2). See United States v. Matchett, 802 F.3d 1185, 1193-96 (2015), reh'g denied, 837 F.3d 1118 (11th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1344, 197 L. Ed. 2d 532 (2017); see also United States v. Kirk, 636 Fed. Appx. 548, 550 (11th Cir. Jan. 28, 2016) ("nothing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."). Accordingly, Hawkins' Johnson claim challenging the enhancement to his sentence under the advisory Guidelines is clearly foreclosed by Beckles, Matchett, and Kirk. Accord Hancock v. United States, 2018 U.S. Dist. LEXIS 45784, *5, 2018 WL 1404900,

\*2 (S.D. Ala. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1404400 (S.D. Ala. Mar. 20, 2018).

Accordingly, Hawkins' motion to vacate (Doc. 31) is due to be **DENIED**.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

9

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1064, 146 L.Ed.2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983)), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).

Petitioner's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Petitioner's claims should be resolved in a different manner or that Petitioner deserves to proceed further. The recommendation that Petitioner's claim be denied is based on

the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. As a result, Petitioner is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 31) be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Shevaris Dejuan Hawkins. The undersigned Magistrate Judge further opines that Petitioner is not entitled to issuance of a Certificate of Appealability.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd day of January, 2019.**

             **/s/ SONJA F. BIVINS**
             **UNITED STATES MAGISTRATE JUDGE**